```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------X
                              :
ALEXANDER ROSA                :    Civil No. 3:22CV00893(SALM)
                              :
v.                            :
                              :
COMMISSION ON HUMAN RIGHTS    :    August 2, 2022
AND OPPORTUNITIES             :
                              :
------------------------------X
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Alexander Rosa ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), currently confined at Garner Correctional Institution ("Garner").[1] He brings this action pursuant to 42 U.S.C. §1983 against the Connecticut Commission on Human Rights and Opportunities ("CHRO"), contending that the CHRO accepted perjured testimony and failed to adequately investigate a claim he filed. See Doc. #1 at 3-5. As relief, he seeks an injunction ordering the CHRO and John and Jane Doe employees "to

---

[1] The Court may "take judicial notice of relevant matters of public record[.]" Sanchez v. RN Debbie, No. 3:18CV01505(JCH), 2018 WL 5314916, at *2 n.4 (D. Conn. Oct. 26, 2018) (quoting Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (quotation marks omitted)). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was sentenced on May 6, 2019, to a term of imprisonment that has not expired, and that he is currently confined at Garner. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=381946 (last visited July 27, 2022).

investigate all allegations properly without dismissing the complaint," and money damages. Id. at 5.

The Complaint names only one defendant in the caption, the CHRO. However, the body of the Complaint refers to John Doe and Jane Doe as defendants. The Court does not construe the Complaint as having been brought against any individual defendants, because none were named in the caption of the Complaint. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008) ("Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, the title of a complaint must name all the parties. This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." (quotation marks omitted)). Furthermore, plaintiff makes no factual allegations against any such individuals other than that they "failed to investigate" his claims.

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court then must "dismiss the complaint, or any portion of the complaint, if" it "is frivolous or malicious, or fails to state a

2

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

It is well-established that complaints filed by self-represented litigants "'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for self-represented litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. See Harnage v. Lightner, 916 F.3d 138, 141 (2d Cir. 2019); see also Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

Plaintiff brings this action pursuant to 42 U.S.C. §1983. He mentions sections 1985 and 1986 in his Complaint, as well, but makes no allegations that can be reasonably construed as asserting claims pursuant to those statutes. See Doc. #1 at 2-5. Accordingly, the Court construes the Complaint as being brought pursuant to §1983.

Only a "person" can be sued under 42 U.S.C. §1983. A state

agency is not a "person" who can be sued for damages within the meaning of §1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The CHRO is an agency of the State of Connecticut. See Conn. Gen. Stat. §46a-52. It therefore "is not susceptible to liability under section 1983, both because such an agency is not a 'person' within the meaning of that statute, and because state agencies are entitled to Eleventh Amendment immunity." Bhatia v. Conn. Dep't of Child. & Fams. (DCF), 317 F. App'x 51, 52 (2d Cir. 2009) (citations omitted). Therefore, plaintiff cannot sue the CHRO under 42 U.S.C. §1983.[2]

Accordingly, the Complaint [**Doc. #1**] is **DISMISSED, without prejudice to re-filing**, pursuant to 28 U.S.C. §§1915A(b)(1)-(2).

If plaintiff wishes to file an Amended Complaint, he may do so on or before **September 1, 2022**. The Amended Complaint must be captioned "Amended Complaint," and will completely supersede, that is, replace, the current Complaint. Before filing an Amended Complaint, plaintiff shall carefully review this Order and ensure that any Amended Complaint addresses the deficiencies

---

[2] Even if the Court construed the Complaint as being brought pursuant to §1985 and §1986, "[b]y its terms, 42 U.S.C. §1985 also applies only to persons, and the same reasoning underlying Will, 491 U.S. at 71, applies to suits brought under §1985." Evans v. N.Y. State Dep't of Health, 189 F.3d 460 (2d Cir. 1999) (unpublished table decision). "[A] claim under 42 U.S.C. §1986 ... may not exist absent a viable section 1985 claim." Rizk v. City of New York, 462 F. Supp. 3d 203, 227 (E.D.N.Y. 2020) (citation and quotation marks omitted).

4

identified herein, and that it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

If plaintiff fails to file an Amended Complaint by **September 1, 2022**, this case will be closed.

Finally, the Court warns plaintiff that the Prison Litigation Reform Act contains a "three strikes" provision for inmates, like plaintiff, who seek to proceed in forma pauperis, without the prepayment of fees or costs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). If this action is closed after having been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," it will count as one of plaintiff's "three strikes." Id. If plaintiff accumulates "three strikes" he will be barred from filing any civil action or appeal without prepaying the full filing fee "unless [he] is under imminent danger of serious physical injury." Id.

It is so ordered at Bridgeport, Connecticut, this 2nd day of August, 2022.

```
        _____/s/_____
        HON. SARAH A. L. MERRIAM
        UNITED STATES DISTRICT JUDGE
```