UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
ALEXANDER ROSA                :    Civil No. 3:22CV00893(SALM)
                              :
v.                            :
                              :
JAMIE RUBIN, et al.           :    September 22, 2022
                              :
------------------------------X
```

INITIAL REVIEW ORDER OF AMENDED COMPLAINT [Doc. #22]

Self-represented plaintiff Alexander Rosa ("plaintiff") is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), currently confined at Garner Correctional Institution ("Garner").[1] Plaintiff brought this action pursuant to 42 U.S.C. §1983 against the Connecticut Commission on Human Rights and Opportunities ("CHRO"), contending that the CHRO accepted perjured testimony and failed to adequately investigate a claim he filed. See Doc. #1 at 3-5.

On August 2, 2022, the Court issued an Initial Review Order of the original Complaint. See Doc. #12. The Court dismissed the

---

[1] The Court may "take judicial notice of relevant matters of public record[.]" Sanchez v. RN Debbie, No. 3:18CV01505(JCH), 2018 WL 5314916, at *2 n.4 (D. Conn. Oct. 26, 2018) (quoting Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (quotation marks omitted)). The Court takes judicial notice of the Connecticut DOC website, which reflects that plaintiff was sentenced on May 6, 2019, to a term of imprisonment that has not expired, and that he is currently confined at Garner. See Connecticut State Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=3 81946 (last visited Sept. 19, 2022).

original Complaint, without prejudice to re-filing, pursuant to 28 U.S.C. §§1915A(b)(1)-(2) because the CHRO is not amenable to suit under section 1983. See id. at 3-4. The Court afforded plaintiff one opportunity to file an Amended Complaint to address the deficiencies identified in the Initial Review Order. See id. at 4-5.

On August 22, 2022, plaintiff filed an Amended Complaint naming as defendants, in the caption: Fairfield County; Hartford County; Jamie Rubin ("Rubin"); John Doe 1; John Doe 2; Jane Doe 1; and Jane Doe 2. See Doc. #22 at 1. The body of the Amended Complaint, however, names only Rubin, the John Does, and the Jane Does as defendants. See id. at 2. Plaintiff alleges that Rubin is the CHRO "Southwest Regional Manager[.]" Id.; see also id. at 3. The allegations of the Amended Complaint arise from a CHRO case plaintiff filed in "2019 late fall[.]" Id. at 3. In relevant part, plaintiff alleges:

> The Southwest Regional Manager Defendant Jamie Rubin, Defendant John Doe 1 HR Representatives, Defendant Jane Doe 1, Defendant Jane Doe 2, and Defendant John Doe 2 failed to acknowledge the error on the record of perjury, failed to investigate the case, failed to acknowledge the motion for appointment of counsel, and failed to acknowledge the motion to strike the testimony of the respondents testimony, in turn the plaintiff indicates due process failure.

Doc. #22 at 5 (sic). Plaintiff asserts: "The [CHRO] employees did deliberate indifference to my due process and violated [plaintiff's] rights and constituted due process failure under

the 14ᵗʰ Amendment Due Process Clause of the United States Constitution and also discriminated against the plaintiff." Doc. #22 at 5 (sic).

## A.   LEGAL STANDARD

Pursuant to 28 U.S.C. §1915A, the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). The Court is directed to dismiss any portion of the operative complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b). In a case such as this one, "[a] district court retains the authority — and indeed the duty — to sua sponte review the pleading sufficiency of [an] amended complaint." Praileau v. Fischer, 930 F. Supp. 2d 383, 389 (N.D.N.Y. 2013).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

B.  **DISCUSSION**

Plaintiff attempts to assert a due process violation claim pursuant to 42 U.S.C. §1983. See generally Doc. #22 at 5. The allegations of the Amended Complaint, however, plainly challenge the CHRO's decision-making process and the outcome of the CHRO's decision itself.

"[T]he CHRO process is part of a comprehensive state-federal investigatory scheme designed to remedy illegal discriminatory practices under the state and federal civil rights laws." White v. Martin, 26 F. Supp. 2d 385, 389 (D. Conn. 1998), aff'd sub nom. White v. Comm'n on Hum. Rts. & Opportunities, 198 F.3d 235 (2d Cir. 1999). The Connecticut General Statutes provide that a person "who is aggrieved by a final [agency] decision may appeal to the [Connecticut] Superior Court[.]" Conn. Gen. Stat. §4-183(a); accord Comm'n on Hum. Rts. & Opportunities v. Dep't of Corr., No. HHB-CV-22-6071371, 2022 WL 2297866, at *2 (Conn. Super. Ct. June 22, 2022). "It is well established that the right to appeal an administrative action to the Superior Court is created by statute and a party must exercise that right in accordance with such a statute in order for the court to obtain jurisdiction." Comm'n on Hum. Rts., 2022 WL 2297866, at *3.

The proper avenue by which to appeal a decision of the CHRO is through the Connecticut Superior Courts, not the federal

courts. See Conn. Gen. Stat. §4-183(a). Plaintiff's assertion of
a constitutional violation does not circumvent the appeal
procedures provided by the Connecticut General Statutes.
"[S]imply bringing a constitutional challenge to an agency's
actions will not necessarily excuse a failure to follow an
available statutory appeal process. Direct adjudication even of
constitutional claims is not warranted when the relief sought by
a litigant might conceivably have been obtained through an
alternative statutory procedure which the litigant has chosen to
ignore." Stepney, LLC v. Town of Fairfield, 821 A.2d 725, 733
(Conn. 2003) (citation and quotation marks omitted). Indeed,
"[p]laintiff would have the opportunity to fully litigate [his]
constitutional challenges in state court by pursuing [an]
appeal[] of [the] adverse ruling[]" in State Superior Court,
rather than filing an action in federal court. City of Shelton
v. Collins, No. 3:12CV01176(JBA), 2014 WL 1032765, at *5 n.9 (D.
Conn. Mar. 14, 2014), aff'd sub nom. City of Shelton v. Hughes,
578 F. App'x 53 (2d Cir. 2014); see also Conn. Gen. Stat. §4-
183(j) (The Superior Court may reverse decisions of the CHRO
that are "[i]n violation of constitutional or statutory
provisions[.]").

    "Administrative appeals are creatures of statute, and the
court gains subject matter jurisdiction over the appeal only as
provided for in the authorizing statutes." Comm'n on Hum. Rts.,

2022 WL 2297866, at *3. Accordingly, because the authorizing statutes permit an appeal of an administrative decision <u>only</u> to the Connecticut Superior Courts, this Court lacks jurisdiction to consider any appeal of the CHRO's decision on plaintiff's administrative complaint.

The Court has already permitted plaintiff one opportunity to amend his original Complaint. <u>See</u> Doc. #14 at 14-15. The Court finds that any proposed amendment to the current Amended Complaint would be futile. <u>See, e.g.</u>, <u>Waite v. UMG Recordings, Inc.</u>, 477 F. Supp. 3d 265, 269 (S.D.N.Y. 2020) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." (footnote and quotation marks omitted)). Accordingly, the Amended Complaint [**Doc. #22**] is **DISMISSED, with prejudice**, pursuant to 28 U.S.C. §1915A(b)(1).

The Clerk of the Court shall enter judgment and close this case.

It is so ordered at Bridgeport, Connecticut, this 22nd day of September, 2022.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE